**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**

**VS                                    No. 4:21-CR-00127-JM**

**CODY BURCH**

## ORDER

Defendant's motion to reduce sentence (Doc. No. 41) is DENIED.

Defendant is not eligible for a sentence reduction because Amendment 821 does not

reduce his criminal history category or guideline range.[1]  Although Defendant's criminal history

score lowers to 23, his criminal history category remains VI.  Additionally, Defendant's plea

agreement "waive[d] the right to have the sentence modified pursuant to Title 18, United States

Code, Section 3582(c)(2) . . . ."[2]  Because Defendant knowingly and voluntarily entered into his

plea agreement, including this waiver, he is not entitled to relief.[3]

IT IS SO ORDERED this 2nd day of December, 2025.

_____
UNITED STATES DISTRICT JUDGE

---

[1] *See* U.S.S.G 1.10 (a)(2) ("Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if— . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").

[2] Doc. No. 33.

[3] *United States v. Cowan,* 781 F. App'x 571 (8th Cir. 2019) (affirming dismissal of a § 3582(c)(2) motion when the record establish that the defendant knowingly and voluntarily entered the plea agreement).